# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUROPEAN COMMUNITY,<br><br>         Plaintiff,<br><br>  v.<br><br>RJR NABISCO, INC., *et al.*,<br>         Defendants. | 00 Civ. 6617 (NGG/VVP) |
| DEPARTMENT OF AMAZONAS, *et al.*,<br>         Plaintiffs,<br><br>  v.<br><br>PHILIP MORRIS COMPANIES INC., *et al.*,<br>         Defendants. | 00 Civ. 2881 (NGG/VVP)<br>00 Civ. 3857 (NGG/VVP)<br>00 Civ. 4530 (NGG/VVP)<br>(Consolidated) |

## DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(6) THE COLOMBIAN AND EUROPEAN COMMUNITY COMPLAINTS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

| | |
|---|---|
| **CRAVATH, SWAINE & MOORE**<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>(212) 474-1000<br><br>*Counsel for Defendant*<br>*British American Tobacco (Investments)*<br> *Limited* | **ARNOLD & PORTER**<br>399 Park Avenue<br>New York, NY 10022-4690<br>(212) 715-1000<br><br>- and -<br><br>555 Twelfth Street, N.W.<br>Washington, D.C. 20004-1206<br>(202) 942-5000<br><br>*Counsel for Defendants*<br>*Philip Morris Companies Inc.*<br>*Philip Morris Incorporated*<br>*Philip Morris International Inc.*<br>*Philip Morris Products Inc.*<br>*Philip Morris Latin America*<br> *Sales Corporation*<br>*Philip Morris Duty Free, Inc.* |

| | |
|---|---|
| **KIRKLAND & ELLIS**<br><br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4675<br>(212) 446-4800<br><br>*Counsel for Defendant*<br>*Brown & Williamson Tobacco Corporation* | **JONES, DAY, REAVIS & POGUE**<br>901 Lakeside Avenue North Point<br>Cleveland, OH 44114-1190<br>(216) 586-3939<br><br>-and-<br><br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 326-2929<br><br>-and-<br><br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>(202) 879-3939<br><br>*Counsel for Defendants*<br>*RJR Nabisco, Inc.*<br>*R.J. Reynolds Tobacco Company*<br>*R.J. Reynolds Tobacco*<br>  *International, Inc.*<br>*Nabisco Group Holdings Corp.*<br>*RJR Nabisco Holdings Corp.*<br>*R.J. Reynolds Tobacco Holdings, Inc.* |

*Second*, there is no diversity jurisdiction over plaintiffs' state law claims because complete diversity is lacking. The Second Circuit has long recognized the "explicit and unequivocal" rule requiring complete diversity, and dismisses actions when aliens are on both sides of a matter. *See, e.g., Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."); *accord Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (following *Corporacion Venezolana*); *International Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989) (same). In both the Colombian and EC Actions there are aliens on both sides. (Colom. 2d Am. Compl. ¶¶ 16, 17, 21; EC Compl. ¶ 14.) That destroys diversity jurisdiction.

*Third*, the All Writs Act does not confer an independent basis of jurisdiction *See Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) ("[T]he express terms of the [All Writs] Act confine the power of the [court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction."); *Collins v. United States*, No. 99 Civ. 6717, 2000 WL 516892, at *5 (E.D.N.Y. Mar. 8, 2000) (The All Writs Act "does not confer independent jurisdiction on a federal court. It only 'supplements the express powers of a court in cases in which jurisdiction already exists.'"). Here, there is no jurisdiction to supplement under the All Writs Act. Thus, there is no basis for jurisdiction over plaintiffs' state law claims.

---

*(footnote continued from previous page)*
causation grounds as RICO counts); *Marcus v. AT&T Corp.*, 138 F.3d 46, 63-64 (2d Cir. 1998) (dismissing pendent claims for fraud, negligent misrepresentation and unjust enrichment).