UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
The EUROPEAN COMMUNITY, *acting on its own behalf and on behalf of the Member States it has power to represent, and the* REPUBLIC OF AUSTRIA, KINGDOM OF BELGIUM, REPUBLIC OF BULGARIA, REPUBLIC OF CYPRUS, CZECH REPUBLIC, KINGDOM OF DENMARK, REPUBLIC OF ESTONIA, REPUBLIC OF FINLAND, FRENCH REPUBLIC, FEDERAL REPUBLIC OF GERMANY, HELLENIC REPUBLIC, REPUBLIC OF HUNGARY, REPUBLIC OF IRELAND, ITALIAN REPUBLIC, REPUBLIC OF LATVIA, REPUBLIC OF LITHUANIA, GRAND DUCHY OF LUXEMBOURG, REPUBLIC OF MALTA, KINGDOM OF THE NETHERLANDS, REPUBLIC OF POLAND, PORTUGUESE REPUBLIC, ROMANIA, SLOVAK REPUBLIC, REPUBLIC OF SLOVENIA, KINGDOM OF SPAIN, and KINGDOM OF SWEDEN, *individually*,

                Plaintiffs,

    -against-

RJR NABISCO, INC., R.J. REYNOLDS TOBACCO COMPANY, RJR ACQUISITION CORP., f/k/a NABISCO GROUP HOLDINGS CORP., RJR NABISCO HOLDINGS CORP., R.J. REYNOLDS TOBACCO HOLDINGS, INC., R.J. REYNOLDS GLOBAL PRODUCTS, INC., REYNOLDS AMERICAN INC., and R.J. REYNOLDS TOBACCO COMPANY,

                Defendants.

**MEMORANDUM & ORDER**

**02-CV-5771 (NGG) (VVP)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

The court considers Plaintiffs' motion for reconsideration of the court's Memorandum and Order of March 8, 2011. (Pls.' Mot. (Docket Entry # 103-2).) On March 8, 2011, the court granted in part Defendants' motion to dismiss Plaintiffs' Second Amended Complaint (the

1

"Complaint"). (Mem. & Order (Docket Entry # 102).) Specifically, the court dismissed Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and reserved decision on the remainder of Defendants' motion. (Mem. & Order at 15.) On March 21, 2011, Plaintiffs filed a motion for reconsideration. (Pls.' Mot.) As directed by the court, Defendants filed their response on April 4, 2011. (Defs.' Mot. (Docket Entry # 104).) As set forth below, Plaintiffs' motion for reconsideration is denied.

## I. LEGAL STANDARD

A motion for reconsideration will only be granted if the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "As a general matter, reconsideration is an exceptional remedy and will generally be denied . . . ." Gayle v. Harry's Nurses Registry, Inc., No. 07-CV-4672 (NGG) (MDG), 2010 WL 5477727, at *3 (E.D.N.Y. Dec. 30, 2010). Courts narrowly construe and strictly apply the rules governing motions for reconsideration in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y. 1985).

## II. DISCUSSION

The court assumes familiarity with the background of the case and its procedural history, as described in detail in the March 8, 2011 opinion. (Mem. & Order at 2-4.) Plaintiffs request reconsideration of three facets of that opinion. First, Plaintiffs move "to address the risk that pages 13-14 of the Decision will be misinterpreted by Defendants as containing findings of fact

2

that bind the Plaintiffs in this litigation." (Pls.' Mot. at 2.) Plaintiffs complain that the court "overlooked the principle that fact-finding is improper on a Rule 12(b)(6) motion directed at the pleadings." (Id. at 3) (capitalization removed). Second, Plaintiffs object to the opinion on the grounds that it "overlooked" some of their allegations. (Id. at 2-3.) And third, Plaintiffs request that the court allow them to amend their Complaint, and file what would be their *sixth* Complaint on the same underlying facts. (Id. at 4-5; see Mem. & Order at 2-4.) Notably, Plaintiffs "*do not request reconsideration of the RICO claims' dismissal.*" (Pls.' Mot. at 1.)

### A. Plaintiffs' Claims Regarding Impermissible Fact-Finding

As an initial matter, in its March 8, 2011 opinion, the court did not engage in findings of fact. The discussion referenced by Plaintiffs on pages 13 to 14 of its opinion was the court's best attempt to read Plaintiffs' convoluted, repetitive Complaint (see Mem. & Order at 2) while "accept[ing] as true all factual statements alleged in the complaint and draw[ing] all reasonable inferences in favor of [Plaintiffs]." See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted) (describing the standard governing Federal Rule of Civil Procedure 12(b)(6)). To the extent the court construed aspects of Plaintiffs' Complaint as true, it did so because the standards governing motions to dismiss required the court to assume them to be true; the court did not *find* those allegations to be true. See id. Plaintiffs' counsel should know this distinction well: this is at least the third Complaint dismissed by the court in this case. As for Plaintiffs' concern that Defendants may "misinterpret" the court's opinion, Defendants' personal interpretations of the court's orders are not of concern to the court. The court's March 8, 2011 opinion has the force of law; Defendants' interpretation of that opinion—correct or incorrect—does not. Further, neither of these arguments point to any controlling decisions or data, change in the law, or new evidence

3

overlooked by the court, or any "clear error" that requires resolution to "prevent manifest injustice." See Hughes, 2009 WL 2971757, at *1. Plaintiffs' motion for reconsideration on these grounds is denied.

### B. Plaintiffs' Claims Regarding "Overlooking" Allegations in Their Complaint

Plaintiffs argue that the court "overlooked" several allegations in their Complaint showing that "Defendants direct the overall corporate policy of [the alleged] money laundering enterprise." (Pls.' Mot. at 2 (internal punctuation omitted).) As proof, Plaintiffs point to several paragraphs of their Complaint not referenced by the court in the March 8, 2011 decision. (Id.) But a court need not recite each and every paragraph of a complaint in deciding a motion to dismiss. The court rejects this "burdensome" approach of "making a determination [of sufficiency] with regard to each allegation within a [single] cause of action." Cf. Bernheim v. Litt, 79 F.3d 318, 326 (2d Cir. 1996) (concluding that "it would be burdensome to have the district court 'prune' a complaint at the pleading stage by making a determination with regard to each allegation within a cause of action that is legally cognizable when viewed in its totality"); see also In re Salomon Analyst Level 3 Litig., 373 F. Supp. 2d 248, 250 (S.D.N.Y. 2005) ("Although plaintiffs are correct that the December 2 Opinion did not specifically address the particular allegation they identify (in each case, merely two or three paragraphs in a nearly 200-paragraph complaint), neither of the allegations merits reconsideration under Local Rule 6.3 or alters the outcome of the motion to dismiss."). In any event, the "overlooked" paragraphs cited by Plaintiffs in their instant motion are either legal conclusions not entitled to deference, such as the allegation that Defendants "control, direct, [and] encourage," the alleged RICO enterprise (Pls.' Mot. at 2), or factual allegations that do not impact the court's conclusion that Defendants did not direct the alleged enterprise's "corporate policy," e.g., that Defendants "received" money

4

as a result of the alleged enterprise's activities (id.). Plaintiffs' motion for reconsideration on these grounds is also denied.

### C. Plaintiffs' Requests to Amend Their Complaint

Plaintiffs also argue that this court overlooked their request to amend their Complaint. (Pls.' Mot. at 4-5.) It did not. Plaintiffs' have repeatedly couched their requests to amend their Complaint in the alternative. (See, e.g., Pls.' Suppl. Opp'n (Docket Entry # 97) ("[I]f the Court should conclude otherwise [i.e., that Plaintiffs' RICO claims fail], at a minimum, the Plaintiffs should be given leave to amend the complaint to clarify and enhance the allegations of domestic conduct.").) The court did not address these requests in its opinion, not because it "overlooked" them but because the predicates to Plaintiffs' requests to amend had not come to pass. For example, in Plaintiffs' Supplemental Opposition, Plaintiffs requested to amend their Complaint *if* the court concluded Plaintiffs' allegations were insufficiently pleaded (see id.), or *if* the court concluded that the European Community did not fall under the diversity jurisdiction statute, 28 U.S.C. § 1332 (see id. at 23 n.25). Because the opinion only addressed Plaintiffs' RICO claims, the court reserved decision on the remainder of Defendants' motion to dismiss, including Plaintiffs' request to amend their Complaint. (Mem. & Order at 15.) Therefore, because the court did not address Plaintiffs' requests to amend their Complaint in its opinion, the court cannot consider Plaintiffs' request here. See Koehler v. Bank of Bermuda Ltd., No. 18-mc-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("It is implicit in [Local Rule 6.3] that a motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered."). The court will address Plaintiffs' request to amend in the remainder of its decision on

5

Defendants' motion to dismiss. Currently, however, Plaintiffs' request for "reconsideration" on this ground is denied.

### III. CONCLUSION

Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

                                                                                                      s/Nicholas G. Garaufis

Dated: Brooklyn, New York                         NICHOLAS G. GARAUFIS
     April 14, 2011                                    United States District Judge