KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

February 29, 2016

By Hand and Electronic Delivery
(dmcnerney@supremecourt.gov)

The Honorable Scott S. Harris
Clerk of the Court
United States Supreme Court
One First Street, N.E.
Washington, D.C. 20543

Attn: Denise McNerney, Esq.

 Re: *RJR Nabisco, Inc., et al. v. European Community, etc., et al.*, No. 15-138

Dear Mr. Harris:

 I am respondents' counsel of record in the above-captioned case and, at their specific direction, respectfully submit this letter to bring to the Court's attention respondents' intention to submit a stipulation to the district court concerning the scope of respondents' claims for damages under 18 U.S.C. § 1964(c). *See Board of License Comm'rs v. Pastore*, 469 U.S. 238, 240 (per curiam) (1985) ("counsel [has] a 'continuing duty to inform the Court of any development which may conceivably affect the outcome' of the litigation") (citation omitted).

 Respondents will file a stipulation in the district court (subject to the district court lifting the current stay for this limited purpose) in which they will waive their damages claims for domestic injuries under 18 U.S.C. § 1964(c). Respondents continue to seek damages for foreign injuries under § 1964(c) in the case before this Court. Nothing in the stipulation will affect respondents' claims for equitable relief, including claims for equitable relief under state common law that are not at issue in the case before this Court. Although respondents have alleged well-pleaded and provable claims for domestic injuries (*see, e.g.*, App. 210a (¶ 146(a)), 213a (¶ 146(e))), these specific claims for damages are not and never have been the focus of this case. The purpose of this stipulation is to ensure that this Court's attention is not expended on claims that concern only a few Member States and that are, in fact, immaterial to the overall objectives of this litigation. Respondents' request for this

The Honorable Scott S. Harris
February 29, 2016
Page 2

Court's recognition of foreign injuries advances universally shared principles of international comity, and respondents do not endorse, explicitly or implicitly, petitioners' proposed abandonment of such principles, which are of far greater consequence than respondents' damages claims for domestic injury under § 1964(c).

    I have included 40 copies of this letter and respectfully request that this letter be circulated to the Court.

                              Very truly yours,

                              David C. Frederick/amk

                              David C. Frederick

cc:  Counsel of Record